United States Bankruptcy Court
District of South Dakota

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota  57501-2463

Telephone:  (605) 945-4490
Fax:  (605) 945-4491

March 30, 2010

Bruce J. Gering
Assistant United States Trustee
314 South Main Avenue, Suite 303
Sioux Falls, South Dakota  57104-6462

Wanda L. Howey-Fox, Esq.
Attorney for Debtors
Post Office Box 18
Yankton, South Dakota  57078

>        Subject:    ***In re Edward Gene Meng, Sr. and Tammy Lynn Meng***
>                    Chapter 7; Bankr. No. 10-40116

Dear Mr. Gering and Ms. Howey-Fox:

The matter before the Court is the United States Trustee's Motion to Dismiss. This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As discussed below, the United States Trustee's motion will be granted.[1]

**Facts.**  Tammy Lynn Meng completed credit counseling on September 1, 2009. She and her husband, Edward Gene Meng, Sr., filed a petition for relief under chapter 7 of title 11 on March 1, 2010.

**Discussion.**  An individual may not be a debtor under title 11 unless she receives credit counseling within the 180-day period preceding the date of the filing of her petition for relief.  11 U.S.C. § 109(h)(1).  Section 109(h)(1) is clear and unambiguous.  The event that triggers the 180-day period is the filing of a petition for relief, not the completion of credit counseling, and the Court must count backward from the petition date, not forward from the date credit counseling is received.[2]

To compute the relevant 180-day period, the Court must exclude the petition date, Fed.R.Bankr.P. 9006(a)(1)(A), count every day, including intermediate Saturdays, Sundays, and any legal holidays, Fed.R.Bankr.P. 9006(a)(1)(B), and include the 180th day, unless the 180th day is a Saturday, Sunday, or legal holiday.  Fed.R.Bankr.P.

---

[1] The material facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

[2] Had Congress intended otherwise, it could have required a debtor to file her petition within 180 days of completing credit counseling.

*Re: Edward Gene Meng, Sr. and Tammy Lynn Meng*
March 30, 2010
Page 2

9006(a)(1)(C).[3]  In this case, the 180th day was Wednesday, September 2, 2009, and it was not a legal holiday.

     Ms. Meng did not receive credit counseling within the 180-day period preceding the date of the filing of her petition for relief.  Consequently, she may not be a debtor in this case.  The Court will enter an appropriate order.

                         Sincerely,

                         */s/ Charles L. Nail, Jr.*

                         Charles L. Nail, Jr.
                         Bankruptcy Judge

CLN:sh

cc:   case file (docket original; serve letter decision on parties in interest; serve order on all creditors and other parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[3] If the 180th day is a Saturday, Sunday, or legal holiday, the 180-day period would be extended backward to the next preceding day that was not a Saturday, Sunday, or legal holiday.  Fed.R.Bankr.P. 9006(a)(1)(C) and (5).